IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JERRY BODTCHER,<br><br>                Plaintiff,<br><br>vs.<br><br>TOM JENSEN, in his individual capacity,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:05CV512 DAK |

       This matter is before the court on Defendant Tom Jensen's Motion to Dismiss.  A hearing on the motion was held on June 26, 2006.  At the hearing, Mr. Jensen was represented by Jesse C. Trentadue.  Plaintiff Jerry Bodtcher was represented by David W. Brown.  Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to the motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

I.  BACKGROUND

       In this action, Plaintiff alleges violations of his Fourth and Fourteenth Amendment rights and has brought this action pursuant to 42 U.S.C. § 1983.  He claims he was wrongfully arrested and incarcerated for allegedly raping Ms. Kimberly Gale ("Ms. Gale") seventeen years prior to her making the allegations against him.

       According to Plaintiff's Complaint, in June 2002, Ms. Gale went to the Sevier County

Sheriff's Department, accompanied by her husband, and accused Plaintiff of raping her on several occasions from September 1985 through October 1987, when she was between 12 and 14 years old.  Eight months earlier, she had disclosed the alleged incidents to her therapist.  Ms. Gale alleged that Plaintiff engaged in a pattern of sexual intercourse with her over a twenty-five-month period when she worked at Plaintiff's small business, the Sunny Shopper Chevron station in Elsinore, Utah.  She alleged that most of the alleged incidents took place on holidays.  Ms. Gale had also claimed that her mother and sisters, who also worked at the Sunny Shopper, received retaliatory pay cuts by Plaintiff.  Plaintiff, however, claims that there is no evidence to support such assertions.  Also, Plaintiff alleges that Defendant failed to prepare a witness statement for Shelly Twitchell, a manager who claimed that Ms. Gale did not work on holidays.

Plaintiff contends that Defendant used a calendar to help prompt Ms. Gale as to events and times.  He also claims that Defendant did not interview any management employees at the Sunny Shopper to determine the holiday schedule and staffing.  During the interview with Defendant, Ms. Gale claimed that her ability to create a time line stemmed from the relation in time to an appendectomy she had approximately three weeks prior to the first sexual encounter with Plaintiff in 1985.  Plaintiff, however, claims that the medical records demonstrated that Ms. Gale's appendectomy was not until 1986.  According to Plaintiff, Defendant never reviewed these records and never conducted a proper investigation to ascertain the dates of admission for her appendectomy.

In addition, Plaintiff alleges that the objective school records for Ms. Gale demonstrate that she was an excellent student, and her classmates did not know anything about the alleged

wrongdoing. He further claims the school records are not indicative of a person who was being subjected to sexual abuse. According to Plaintiff, Defendant never acquired Ms. Gale's school records.

Plaintiff also alleges that Ms. Gale never had a competent mental exam prior to these charges being brought, and Defendant failed to audiotape or videotape the interview he had with Ms. Gale or any of the other witnesses. Plaintiff contends that Defendant did not interview Ms. Gale's sisters, who, according to Plaintiff, had no suspicions that Plaintiff was engaging in any sexual conduct with her. Also, Plaintiff alleges that some witnesses from whom Defendant obtained statements, such as Tara and Craig Johnson, claim that he misquoted them. Plaintiff also contends that Defendant did not meaningfully interview Plaintiff or any exculpatory witnesses.

Defendant applied for and received an arrest warrant from a judge in the Sixth Judicial District Court in and for Sevier County. Plaintiff was subsequently arrested on or about July 20, 2002 and was incarcerated until early August 2002. The Sevier County Attorney charged Plaintiff with multiple counts of rape of a child in violation of Utah Code Ann. § 76-5-402.1. Following a preliminary hearing, the State Court found probable cause and bound Plaintiff over for trial. The first trial resulted in a hung jury. Plaintiff was later acquitted in the second trial.

Plaintiff has now sued Defendant for allegedly violating his civil rights and for common law state claims. Plaintiff, however, concedes that he failed to comply with the notice requirements under the Utah Governmental Immunity Act and thus has agreed to dismiss his state law claims. Accordingly, the two remaining claims are 1983 claims. The first claim is for violating his Fourth Amendment rights by wrongfully arresting Plaintiff without properly

investigating the alleged incidents. His second claim is under the Fourteenth Amendment for allegedly depriving Defendant of his liberty without due process of law.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the factual allegations in the complaint, if true, would entitle the plaintiff to a legal remedy. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is appropriate only when "the plaintiff can prove no set of facts in support of his claims to entitle him to relief." *Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999); *Seamons v. Snow,* 84 F.3d 1226, 1231 (10th Cir.1996). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah School for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)). The court must accept all well-pleaded facts as true, construe those facts liberally in a light most favorable to the plaintiff, and "resolve all reasonable inferences in plaintiff's favor." *Seamons*, 84 F.3d at 1232. However, conclusory allegations without supporting factual averments need not be accepted. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 510 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. DISCUSSION

Defendant contends that Plaintiff's claims fail for two reasons. First, Defendant argues, Plaintiff is collaterally estopped from challenging the state's probable cause determination. Second, even if the probable cause determination could be property questioned in this

proceeding, Deputy Jensen is entitled to both qualified immunity and /or judicial immunity or quasi-judicial immunity because he acted as a reasonable, well-trained officer would have under the circumstances and because he was executing a warrant.

The court finds that it would be premature to dismiss this claim at this juncture. On a motion to dismiss, the court must accept as true Plaintiff's allegations that when Defendant obtained the arrest warrant, Defendant omitted material factual information and misquoted some of the witnesses.[1] The court notes, however, that to prevail at trial or to survive any future motion for summary judgment, Plaintiff will be required to show that Defendant knowingly or intentionally or in reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officer's determination that probable cause existed for the arrest. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *see also Mays v. Dayton*, 133 F.3d 809, 816 (6th Cir. 1998). To demonstrate "a reckless disregard for the truth," a plaintiff must demonstrate that the officer entertained serious doubts as to the truth of his statement, had obvious reasons to doubt the accuracy of the information reported, or failed to inform the judicial officer of facts he knew would negate probable cause. *Beauchamp v. City of Noblesville*, 320 F.3d 733, 742-43 (7th Cir 2003); *see also Romero v. Fay*, 45 F.3d 1472, 1479 (10th Cir. 1995) (finding that mere negligent actions by a police officer do not give rise to a constitutional violation actionable under § 1983).

The Tenth Circuit has found that the constitutional inquiry for such a claim focuses on

---

[1] Many of Plaintiff's allegations about the alleged inadequate investigation performed by Defendant demonstrate an unreasonable–and incorrect–expectation about what constitutes a reasonable police investigation.

the materiality of the misconduct in relation to the determination of probable cause:

> If an arrest warrant affidavit contains false statements, the existence of probable cause is determined by setting aside the false information and reviewing the remaining contents of the affidavit. Where information has been omitted from an affidavit, we determine the existence of probable cause by examining the affidavit as if the omitted information had been included and inquiring if the affidavit would still have given rise to probable cause for the warrant.

*Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006) (quoting *Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996)). "If hypothetically correcting the misrepresentation or omission would not alter the determination of probable cause, the misconduct was not of constitutional significance and is not actionable under § 1983, but if this hypothesizing would alter the probable-cause determination, the misconduct undermined Fourth Amendment guarantees and may support redress under § 1983)" *Id.* (citations omitted).

As the *Beauchamp* court stated, "[p]robable cause is only a probability or substantial chance of criminal activity, not a certainty that a crime was committed." 320 F.3d at 743 (*quoting Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983)). Probable cause exists if, at the moment the officer sought the arrest warrant, the facts and circumstances within his knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that a crime had been committed. *Id.*; *see also Romero*, 45 F.3d at 1478 & n.3 (10th Cir. 1995) (finding that the defendant police officer's failure to investigate the plaintiff's alibi witnesses prior to arrest did not constitute a constitutional violation and citing similar cases). Moreover, "[t]he complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate." *Beauchamp*, 320 F.3d at 743 (citing numerous cases). In addition, "in crediting the complaint of a reasonably

believable witness or putative victim, the police are under no constitutional obligation to exclude all suggestions that the witness or victim is not telling the truth. *Id.*

To the extent Plaintiff claims that any conduct beyond Defendant's actions in obtaining the arrest warrant violated his constitutional rights, the court finds that such claims fail. The preliminary hearing in which the State Court judge found probable cause to bind Plaintiff over for trial broke any chain of causation. *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996). Indeed, Plaintiff has not alleged that Defendant falsely testified at the hearing or otherwise engaged in any allegedly wrongful conduct with respect to the subsequent finding of probable cause. Rather, Plaintiff's allegations pertain solely to the events surrounding his allegedly unconstitutional arrest.[2]

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Tom Jensen's Motion to Dismiss is GRANTED in part and DENIED in part. Plaintiff's state law claims are dismissed with prejudice. Defendant may renew his arguments in a motion for summary judgment.

DATED this 20th day of July, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[2] Indeed, if Defendant is able to demonstrate on summary judgment that the evidence presented at the preliminary hearing was no different than the evidence upon which he secured an arrest warrant, Plaintiff's claims based on the allegedly wrongful arrest/inadequate investigation will fail based on collateral estoppel principles. *See e.g., Haupt v. Dillard*, 17 F.3d 285 (9th Cir. 1994).