## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JERRY BODTCHER,<br><br>     **Plaintiff,**<br><br>vs.<br><br>TOM JENSEN, in his individual capacity,<br><br>     **Defendant.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Case No.  2:05CV512 DAK** |

   This matter is before the court on (1) Defendant Tom Jensen's Motion for Summary Judgment, (2) Defendant's Motion to Strike Portions of Affidavit of Jerry Bodtcher, and (3) Plaintiff's Motion to Strike Defendant's Motion to Strike Portions of Affidavit of Jerry Bodtcher. A hearing on the Motion for Summary Judgment was held on November 15, 2007.   At the hearing, Tom  Jensen ("Deputy Jensen" or "Defendant") was represented by Jesse C. Trentadue. Plaintiff Jerry Bodtcher ("Mr. Bodtcher" or "Plaintiff") was represented by David W. Brown. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to the motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

### I.  BACKGROUND

   In this action, Mr. Bodtcher alleges violations of his Fourth and Fourteenth Amendment

rights and has brought this action pursuant to 42 U.S.C. § 1983.  The crux of his action is that he claims he was wrongfully arrested and incarcerated for allegedly raping Ms. Kimberly Gale ("Ms. Gale") seventeen years prior to her making the allegations against him.   He claims that Deputy Jensen violated his constitutional rights by conducting an improper investigation both pre- and post-arrest.  He also claims that alleged misrepresentations in Deputy Jensen's affidavit, used to obtain an arrest warrant, create genuine issues of material fact regarding any probable cause determination.

The events giving rise to this lawsuit began in June 2002, when Ms. Kimberly Gale ("Ms. Gale") went to the Sevier County Sheriff's Department, accompanied by her husband, and accused Plaintiff of raping her on several occasions from September 1985 through October 1987, when she was between twelve and fourteen years old.   Eight months earlier, she had disclosed the alleged incidents to her therapist.  Ms. Gale alleged that Plaintiff engaged in a pattern of sexual intercourse with her over a twenty-five-month period when she worked at Plaintiff's small business, the Sunny Shopper Chevron station in Elsinore, Utah.

Ms. Gale reported these alleged crimes to Deputy Jensen.  Based upon the accusation, Deputy Sevier County Attorney Dale P. Eyre filed an Information, charging Mr. Bodtcher with multiple counts of child rape.   Then, Mr. Eyre sought a warrant of arrest to prevent Mr. Bodtcher from fleeing the jurisdiction.   According to Deputy Jensen's Affidavit, an arrest warrant was sought because Mr. Bodtcher had been charged with eight counts of the rape of a child, all first degree felonies, with minimum mandatory sentences; Mr. Bodtcher knew about the proceeding; Mr. Bodtcher's wife was from the Philippines, and Deputy Jensen had learned that

2

Mr. Bodtcher was about to move to the Philippines and start a business; Mr. Bodtcher was selling his property at a substantial discount; Deputy Jensen and Deputy County Attorney Eyre contacted the buyers who confirmed that they had, in fact, taken over operation of Mr. Bodtcher's business and that the sale would be closing in August of 2002; and finally, it was Deputy Jensen's belief that Mr. Bodtcher was making arrangements to permanently leave the jurisdiction and the United States to evade arrest.   Mr. Eyre obtained the warrant from a judge in the Sixth Judicial District Court in and for Sevier County, based upon the information filed by Deputy County Attorney Eyre and the Affidavit of Deputy Jensen.   On or about July 20, 2002, Deputy Jensen arrested Plaintiff pursuant to that Warrant, and Plaintiff was incarcerated until early August 2002.

A preliminary hearing was held on September 3, 2002.   The State called only one witness–the alleged victim, Ms. Gale, who was married by then and using the name Kimberly Lang.  Deputy Jensen did not testify during the State's case, but was called by the defense. Following the Preliminary Hearing, the State Court Judge agreed with Deputy County Attorney Eyre's assessment and found that probable cause existed to charge Mr. Bodtcher.   The State Court Judge's finding of probable cause, therefore, was based upon the same evidence that led to the filing of the Information and Mr. Bodtcher's arrest:  Ms. Gale's accusations of rape.  Mr. Bodtcher was bound over for trial on ten of the eleven charges in the Amended Information.  The first trial resulted in a hung jury.  Mr. Bodtcher was later acquitted in the second trial.

Mr. Botcher claims that Deputy Jensen arrested him because of an unfounded fear that he was going to sell his business and leave the state of Utah.  Mr. Bodtcher contends that this belief was entirely false, although he admits that the sale of his business took place immediately upon

his release from jail.   Mr. Bodtcher further claims that Deputy Jensen failed to discover that Mr. Bodtcher owned other property and two homes in Utah.

In addition, Mr. Bodtcher believes that Deputy Jensen otherwise failed to conduct an adequate investigation.  According to Mr. Bodtcher, Deputy Jensen used a calendar to help prompt Ms. Gale as to events and times of the alleged incidents, but that he did not then interview any management employees at the Sunny Shopper to determine the holiday schedule and staffing from that time period seventeen years earlier when the alleged incidents occurred.  Also, when Ms. Gale made the accusations to Deputy Jensen, she claimed that her ability to create a time line stemmed from the relation in time to an appendectomy she had approximately three weeks prior to the first sexual encounter with Plaintiff in 1985.   Mr. Bodtcher, however, claims that the medical records demonstrated that Ms. Gale's appendectomy was not until 1986. He contends that Deputy Jensen never reviewed these records and never conducted a proper investigation to ascertain the dates of admission for her appendectomy.

Also, according to Plaintiff, Deputy Jensen never acquired Ms. Gale's school records, which, Plaintiff claims, demonstrate that she was an excellent student and that her classmates did not know anything about the alleged wrongdoing.  He contends that the school records are not indicative of a person who was being subjected to sexual abuse.

Mr. Bodtcher also complains that Ms. Gale never had a competent mental exam prior to these charges being brought, and that Deputy Jensen failed to audiotape or videotape the interview he had with Ms. Gale or any of the other witnesses.   Mr. Bodtcher further contends that Deputy Jensen also failed to interview Ms. Gale's sisters, who, according to Mr. Bodtcher,

had no suspicions that he was engaging in any sexual conduct with her.    Mr. Bodtcher argues

that some witnesses from whom Defendant provided statements, such as Tara and Craig Johnson,

claim that he misquoted them.  Mr. Bodtcher also asserts that Defendant did not meaningfully

interview Plaintiff or any exculpatory witnesses.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the record shows there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law.    *Ward* v.

*Anderson*, 494 F.3d 929, 934 (10th Cir. 2007);  *Trask v. Franco,* 446 F.3d 1036, 1043 (10th Cir.

2006) (quotation and citation omitted).  In addition, the  court considers all evidence in the light

most favorable to the non-moving party.  *Ward*, 494 F.3d at 934.

Also, regarding the Defendants' qualified immunity defense, the following framework

must be kept in mind:

> When a defendant asserts a qualified immunity defense, the burden shifts
> to the plaintiff, who must first establish that the defendant violated a
> constitutional right.   If no constitutional right would have been violated
> were the allegations established, there is no necessity for further inquiries
> concerning qualified immunity.  If, on the other hand, a violation has been
> shown, the plaintiff must then show that the constitutional right was
> clearly established. . . .   The relevant, dispositive inquiry in determining
> whether a right is clearly established is whether it would be clear to a
> reasonable officer that his conduct was unlawful in the situation. . . .

*Id.* (internal quotations and citations omitted).   "If the plaintiff indeed demonstrates that the

official violated a clearly established constitutional or statutory right, then the burden shifts back

to the defendant" to demonstrate that no material facts remain in dispute.  *Id*. (quoting *Olsen v.*

*Layton Hills Mall,* 312 F.3d 1304, 1312 (10th Cir. 2002)).

Qualified immunity generally shields from liability for civil damages "government officials performing discretionary functions . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006) (quoting *Harlow v. Fitzgerald*, 456 U.S. 800, 818 (1982)).   Qualified immunity serves at least three purposes as identified by the United States Supreme Court.   First, qualified immunity protects the public from unwarranted timidity on the part of public officials.   *Id.* at 1134 (quoting *Richardson v. McKnight,* 521 U.S. 399, 408 (1997)).   Second, the doctrine helps "to ensure that talented candidates are not deterred by the threat of damages suits from entering public service."   *Id*. (internal quotation marks omitted). Third, qualified immunity reduces the chance that lawsuits will distract from the performance of public duties.   The doctrine seeks to balance the protection of constitutional rights and the substantial social costs of imposing liability on public officials. *Id*. (citing *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).

### III.  DISCUSSION

Deputy Jensen seeks summary judgment as to Mr. Bodtcher's two remaining civil rights claims.   The court agrees that summary judgment must be granted because even assuming that all of Plaintiff's assertions are true, Plaintiff has not demonstrated that Deputy Jensen violated Plaintiff's constitutional rights.

Mr. Bodtcher, however, argues that summary judgment must be denied because of many disputed facts that must be decided by a jury.   Among others, he claims that (1) he has always maintained his innocence regarding these charges, (2) he never talked about moving to the Philippines, particularly not during the crucial time period of 2002,  (3) he owned five real

properties and that only one–the Sunny Shopper was placed on the market for sale in 2002, (4) he

made no arrangements to leave Sevier County or otherwise evade prosecution, (5) he was not a

flight risk; and (6) he would not have access to "several hundred dollars upon closing the

purchase of his property."   He also complains that Ms. Gale had been on psychiatric medication

and in family therapy and that Deputy Jensen did not obtain or review these medical records prior

to or after arresting Plaintiff.  Plaintiff also contends that Deputy Jensen did not interview any

management employees at the Sunny Shopper and otherwise did not discover several alleged

inconsistencies in Ms. Gale's story regarding the time period of the alleged rapes.

Mr. Bodtcher, however, has failed to create any genuine issue of material fact to preclude

summary judgment.   While he sets forth a plethora of actions that he believes would have

demonstrated his innocence–such as giving Ms. Gale a mental health exam and scouring her

medical and school records–he has failed to create any genuine issue concerning the applicable

legal standards at issue here:  whether Deputy Jensen acted with deliberate or reckless intent.

*See Romero v. Fay*, 45 F.3d 1472, 1478 (10th Cir. 1995).   As the Tenth Circuit has stated,

allegations that a police officer acts negligently do not state a claim for a Fourteenth Amendment

violation actionable under § 1983.   *Id.*

Mr. Bodtcher asserts that he has either established deliberate or reckless intent or has at

least created a jury question by noting Defendant Jensen's alleged failure to follow up with any

Sunny Shopper employees, allegedly misquoting of witnesses Tara and Craig Johnson,[1] failing to

---

[1]  Regarding this alleged "misquoting" of the Johnsons, all Plaintiff states is that (1)
"Defendant's witness statement from Tara Johnson did not include the information that Tara
Johnson disclosed that the victim had told her Plaintiff was "like a father figure to her"; (2) the
victim told Tara Johnson that if she ever heard rumors, "then they were just rumors, not to
believe them because she thought of Jerry as nothing more than a father figure"; (3) when

record any witness interviews, failing to review any records (bank, school, medical, employment), and failing to prepare a witness statement for Shelley Twitchell, who claimed that Ms. Gale did not work on holidays–the time when Ms. Gale claimed that the alleged sexual offenses occurred.  No reasonable jury, however, could find that these alleged deficiencies constitute deliberate or reckless intent.   There is simply no requirement that a police officer investigating an alleged crime must turn over every stone either  pre- or post-arrest.[2]

There is nothing in Plaintiff's long list of perceived investigatory shortcomings that constituted a material omission or material failure to discover exculpatory evidence.  Obviously, there is nothing inherently exculpatory about the fact that Ms. Gale was on antidepressants or was in therapy at the time she made the accusations against Mr. Bodtcher.   The fact that her dates may have been off or that one witness did not think that Ms. Gale worked holidays also fails to demonstrate Plaintiff's innocence.  Similarly, the fact that Ms. Gale's sisters may not have known about the alleged abuse or that Ms. Gale's school performance was stellar does not establish Plaintiff's innocence.   In addition, while Deputy Jensen may have been wrong in thinking that Plaintiff was preparing to flee the jurisdiction, no jury could find that Deputy Jensen  acted with reckless intent given the information he had discovered at the time.   At most, Mr. Bodtcher has pointed to nothing beyond simple negligence–if even that–in both the pre- and

---

Defendant approached Tara and Craig Johnson to interview them, he informed them "whether you know it or not, you are witnesses to a crime"; and (4) Tara Johnson testified she never saw any sexy lingerie.  None of these amounts to a material omission that would have changed the probable cause determination.

[2]   At the hearing on this motion, Plaintiff's counsel noted that Plaintiff was now pursuing only the Third Cause of Action regarding Deputy Jensen's post-arrest investigation, essentially conceding his pre-arrest claim.  The court agrees that Plaintiff has failed to state a constitutional violation regarding Defendant's pre-arrest investigation.

post-arrest investigations.  In addition, Plaintiff provides no evidence that evidence later surfaced

that would have eliminated probable cause.  *See*, *e.g., Pierce v. Gilchrist*, 359 F.3d 1279, 1295

(10th Cir. 2004).

Finally, in this case, there is no evidence of undue pressure or influence exerted by

Deputy Jensen or any  knowing misstatement made by him to the prosecutor.  *See Taylor v.*

*Meacham*, 82 F.3d 1556, 1563-64 (10th Cir. 1996), *cert. denied*, 519 U.S. 871 (1996).

Moreover, there was a preliminary hearing in which a judge independently listened to the

testimony, evaluated the credibility of those testifying, reviewed the evidence and concluded that

the evidence was sufficient to bind Plaintiff over for trial.  *Id.* at 1564.

Thus, Mr. Bodtcher has failed to establish that Deputy Jensen violated his Fourth or

Fourteenth Amendment rights in connection with this arrest, his incarceration, or with regard to

the post-arrest investigation.  Accordingly, Plaintiff's remaining causes of action are dismissed.

Regarding the motions to strike, the court finds that they are both moot.   The court notes,

however, that several statements contained in the affidavit of Jerry Bodtcher contain inadmissible

hearsay and statements that lack foundation.  The court did not rely on this inadmissible

evidence.

## IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Tom Jensen's

Motion for Summary Judgment [docket # 29] is GRANTED.   Defendant's Motion to Strike

[docket # 41] is MOOT and Plaintiff's Motion to Strike Defendant's Motion to Strike is [docket

# 43] is MOOT.  This action is now DISMISSED.   Each party is to bear his own fees and costs.

DATED this 20th  day of December, 2007.

> BY THE COURT:
>
> _____
> DALE A. KIMBALL
> United States District Judge